UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**04 A 01911**

| | |
|---|---|
| In re: | Chapter 11 |
| KMART CORPORATION, et al., | Case No. 02 B 02474<br>(Jointly Administered)<br>Honorable Susan Pierson Sonderby |
| Debtor. | |
| KMART CORPORATION, | |
| Plaintiff | Adversary Case No. |
| v. | PAID<br>MAR 3 0 2004 |
| MADISON INTERNATIONAL SALES CO.<br>and MADISON PAPER INDUSTRIES | KENNETH S. GARDNER, CLERK<br>UNITED STATES BANKRUPTCY COURT |
| Defendants. | BY_____ |

## COMPLAINT TO AVOID TRANSFER OF PROPERTY AND FOR RECOVERY
### (Non-Media Vendors)

Plaintiff Kmart Corporation ("Kmart"), the reorganized debtor herein, brings this adversary Complaint severally against each of the Defendants named herein (the "Defendants"), stating as follows:

### VENUE AND JURISDICTION

1. Plaintiff is a Michigan corporation with its principal place of business in Troy, Michigan. Kmart confirmed its First Amended Joint Plan of Reorganization, as modified (the "Plan") on April 23, 2003. The Plan became effective on May 6, 2003. Kmart possesses standing to bring this action pursuant to the terms of the Plan.

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 3 0 2004
KENNETH S. GARDNER, CLERK
PB REP. - 66

1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

KMART CORPORATION, et al.,

    Debtor.

KMART CORPORATION,

    Plaintiff

v.

INTERNATIONAL PAPER COMPANY,
HARTE HANKS, INC., UPM KYMMENE
CORPORATION, MADISON
INTERNATIONAL SALES CO.,
MADISON PAPER INDUSTRIES, and
ANCHORAGE PRINTING, INC.,

    Defendants.

Chapter 11

Case No. 02 B 02474
(Jointly Administered)
Honorable Susan Pierson Sonderby

Adversary No. 04 A 00137



## COMPLAINT TO AVOID TRANSFER OF PROPERTY AND FOR RECOVERY
### (Non-Media Vendors)

Plaintiff Kmart Corporation ("Kmart"), the reorganized debtor herein, brings this adversary Complaint severally against each of the Defendants named herein (the "Defendants"), stating as follows:

### VENUE AND JURISDICTION

1. Plaintiff is a Michigan corporation with its principal place of business in Troy, Michigan. Kmart confirmed its First Amended Joint Plan of Reorganization, as modified (the "Plan") on April 23, 2003. The Plan became effective on May 6, 2003. Kmart possesses standing to bring this action pursuant to the terms of the Plan.

2.  This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has subject matter jurisdiction over this action pursuant to 11 U.S.C. §549 and §1142 and 28 U.S.C. § 1334 because it arises under the United States Bankruptcy Code ("Bankruptcy Code") and is related to the above-captioned case. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

### GENERAL ALLEGATIONS

4.  On January 22, 2002, Kmart and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. On January 25, 2002, this Court authorized the payment of prepetition claims to certain critical trade vendors, including the Defendants ("January 25, 2002 Order"). Pursuant to that authorization, Kmart paid to each Defendant the amount set forth next to the Defendant's name on Exhibit A hereto (the "Payment(s)").

5.  Capital Factors, Inc., a factoring agent for a number of Kmart's apparel suppliers holding millions of dollars in unsecured claims against the bankruptcy estate, appealed the January 25, 2002 Order to the District Court. On April 10, 2003, the District Court reversed this Court, finding that payments for prepetition claims such as those enabled by the January 25, 2002 Order, "simply are not authorized by the Bankruptcy Code." *Capital Factors, Inc. v. Kmart Corporation*, 291 B.R. 818, 823 (N.D. Ill. 2003). The ruling of the District Court is on appeal to the Seventh Circuit Court of Appeals.

6.  Kmart informed the District Court that, by the time of the appeal, it had already made disbursements to critical vendors such as the Defendant. The District Court nonetheless held that "it is not too late to order that the monies be returned." *Capital Factors*, 291 B.R. at

2

824. In furtherance of that ruling, Kmart now seeks avoidance and recovery of its prepetition payment to the Defendant.

## COUNT I

### (For Avoidance and Recovery Pursuant to 11 U.S.C. §§ 549, 550)

7. Kmart hereby realleges and incorporates by reference paragraphs 1 through 6 above as though fully set forth at length.

8. Kmart transferred money to each of the Defendants after the January 22, 2002 commencement of these bankruptcy proceedings.

9. Pursuant to the decision of the District Court more fully described above, each Payment constitutes an unauthorized postpetition transfer of property of Kmart's estate. Accordingly, the Payments are avoidable pursuant to 11 U.S.C. § 549 and Kmart may recover the Payments pursuant to 11 U.S.C. § 550.

WHEREFORE, Kmart requests that the Court enter judgment: (1) avoiding the above-described transfers pursuant to 11 U.S.C. § 549; (2) granting Kmart a judgment against each Defendant pursuant to 11 U.S.C. § 550 for the full amount of the Payment received by the respective Defendant, with lawful pre- and post-judgment interest and costs; and (3) granting such other and further relief, at law or in equity, as appropriate under the circumstances.

## COUNT II

### (For Avoidance and Recovery Pursuant to 11 U.S.C. §105)

10. Kmart hereby realleges and incorporates by reference paragraphs 1 through 9 above as though fully set forth at length.

11. 11 U.S.C. § 105 provides this Court with the power to enter any order that is "necessary or appropriate to carry out the provisions of this title." Since the January 25 Order

3

has been reversed, it would be contrary to the Bankruptcy Code and inequitable for Defendant to be permitted to retain the Payment and thereby be paid in full on its pre-petition claim when all other unsecured creditors were not paid in full.

WHEREFORE, Kmart requests that the Court enter judgment: (1) avoiding the above-described transfers pursuant to 11 U.S.C. § 105; (2) granting Kmart a judgment against each Defendant for the full amount of the Payment received by the respective Defendant, with lawful pre- and post-judgment interest and costs; and (3) granting such other and further relief, at law or in equity, as is appropriate under the circumstances.

DATED:    January 22, 2004.

KMART CORPORATION

By _William J. Barrett_
One of its attorneys

William J. Barrett (6206424)
Barack Ferrazzano Kirschbaum
  Perlman & Nagelberg LLC
333 West Wacker Dr., Suite 2700
Chicago, IL 60606
(P)    312.629.5170
(F)    312.984.3150
(E)    william.barrett@bfkpn.com

4

## EXHIBIT A TO COMPLAINT

| Defendant | Amount |
| --- | --- |
| ANCHORAGE PRINTING INC | 39,970.00 |
| MADISON INTERNATIONAL SALES CO and MADISON PAPER INDUSTRIES | 191,820.27 |
| UPM KYMMENE CORPORATION | 538,458.64 |
| INTERNATIONAL PAPER COMPANY | 787,327.19 |
| HARTE HANKS, INC. | 614,462.71 |